FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 28 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

":ANGELA MARIE-DESSISSO: El Bey *in Propria Persona, Sui Juris Authorized Representative ARR UCC 1-207/308, UCC 1-103. Ex Relatione: Angela M. Dessisso*";
and ":KEMEL-DESSISSO: Bey *in Propria Persona, Sui Juris Authorized Representative ARR UCC 1-207/308, UCC 1-103. Ex Relatione: Kevin R. Dessisso*,"

            Plaintiffs,

    -against-

JP MORGAN CHASE BANK, N.A.; James Dimon, CEO, JP Morgan Chase Bank, N.A.; FEIN, SUCH & CRANE, LLP; MARK K. BROYLES, Esq.; CRAIG K. BEIDEMAN, Esq.; DAVID P. CASE, Esq., Attorneys for JP Morgan Chase Bank, N.A.,

            Defendants.

------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

15-CV-5152 (WFK)

WILLIAM F. KUNTZ, II, United States District Judge:

On September 1, 2015, the Court received papers signed by "Angela Marie-Dessisso:El Bey" and "Kemel-Dessisso:Bey" (collectively, "the Dessissos"), appearing *pro se* as "Claimants" and naming as defendants JP Morgan Chase Bank, N.A. and its CEO, and a law firm, Fein, Such & Crane, LLP, along with three of its attorneys. The Dessissos each submitted applications to proceed without the prepayment of fees, which are hereby granted for the limited purpose of this Order. To the extent that the Dessissos may be seeking to remove a state court action to federal Court, the action is hereby remanded to state court.

**BACKGROUND**

The nature of the submission is unclear. It is formatted like a complaint, with "Claimants" and defendants, a statement of jurisdiction, a statement of claim, and a demand for relief. However, the jurisdiction of this Court is invoked under the removal statute, 28 U.S.C. § 1441 and "under the Zodiac Constitution." (ECF Entry # 1, at 2.) The Statement of Claim states that it "Arises from the receipt of an uncertified/unregistered article of mail received from the Defendants" related to a mortgage foreclosure action. (*Id.*) The only request for relief is "Removal of this case from the State of New York Supreme Court" and "damages . . . listed in the Notice of Removal." (*Id.* at 3.)

Multiple documents are attached, including the June 23, 2015 Judgment in Index No. 16631/2011, a foreclosure proceeding in the New York Supreme Court, Queens County, naming Angela M. Dessisso and Kevin R. Dessisso and two other defendants. A document entitled "Legal Notice of Removal" purports to assert federal jurisdiction under the 1836 Treaty of Peace and Friendship between Morocco and the United States. (*Id.* at 14.) This Notice references the foreclosure proceeding and alleges that "Plaintiffs [*sic*] knowingly committed 'fraud' against the Claimants :Angela Marie-Dessisso:El Bey and :Kemel-Dessisso:Bey by attempting to foreclose on our property without full disclosure or producing any evidence of a lawful contract." (*Id.* at 17.) The Notice asserts that the foreclosure proceeding violates the Dessissos' rights to due process and equal protection and other constitutional rights. (*Id.* at 17, 19.) It demands the dismissal and expungement of all prior orders in the state court proceeding and monetary damages of $75,000 from each of the individual defendants. (*Id.* at 23.)

Other attachments include a series of "writs" and other statements the Dessissos filed in

the state case, accompanied by letters from Fein, Such & Crane, LLP indicating that the documents had been received and rejected (*Id.* at 26-70); a Satisfaction of Mortgage signed by a representative for Citibank, N.A. (*Id.* at 72); and documents labeled "The Moorish National Republic Federal Government Northwest Africa" (*Id.* at 11, 59, 66, 74-88).

## **DISCUSSION**

Title 28, Sections 1441 - 1453 of the United States Code set forth the criteria and procedures for removing a civil action from state court to federal court. The statute provides for removal of claims over which the federal courts have "original jurisdiction," 28 U.S.C. § 1441(a), or where the parties have diversity of citizenship and none of the parties in interest is a citizen of the state in which the action was brought, 28 U.S.C. § 1441(b)(2). Thus, a claim may only be removed to federal court if it could have been filed in federal court originally. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998). "[A] district court has subject matter jurisdiction over a removed case that arises under federal law, 28 U.S.C. § 1331, only when the plaintiff's well-pleaded complaint raises an issue of federal law." *PNC Bank, N.A. v. Bisignano*, No. 12 Civ. 8974 (VB), 2013 WL 563373, at *1 (S.D.N.Y. Feb. 4, 2013), quoting *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012) (internal quotation marks omitted). "[F]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

The Notice of Removal must be filed within 30 days after service of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). The defendant(s) seeking removal must

file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Moreover, "in cases where there are multiple defendants, the Rule of Unanimity requires that 'all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.'" *Sleight v. Ford Motor Co.*, No. 10-CV-3629 (BMC), 2010 WL 3528533, at *1 (E.D.N.Y. Sept. 3, 2010) (quoting *Burr ex rel. Burr*, 478 F. Supp. 2d at 437) (additional citations omitted)); *see also Smith v. Kinkead*, No. 03-CV-10283 (RWS), 2004 WL 728542, at *2 (S.D.N.Y. Apr. 5, 2004) ("[T]he removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty day period." (internal quotation marks omitted)).

The instant Notice of Removal is procedurally deficient in that the Dessissos did not file it within 30 days of receipt of the initial pleadings, thus it is untimely under 28 U.S.C. § 1446(b); not all of the defendants in the state court action joined in the removal petition, as required by the Rule of Unanamity; and the Notice does not include a statement of the grounds for removal or copies of all process, pleadings, and orders served in the state action, as required by 28 U.S.C. § 1446(a).

Moreover, the Dessissos have not asserted any jurisdictional ground for removal of the state court proceeding to federal court. The initial pleading in the state court action has not been provided. However, there is no reason to believe that the original plaintiffs would have asserted a federal question in their state court foreclosure action or that the parties have diversity of citizenship. If the federal courts do not have "original jurisdiction" over the claims raised in the state court proceeding, there are no grounds for removal to this Court pursuant to 28 U.S.C. §

4

1441(a). *See Citibank, N.A. v. Swiatkoski,* 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005) (citation omitted) (no subject matter jurisdiction over removed foreclosure action where defendant sought removal on the grounds that the foreclosure action violated her federal civil and constitutional rights). The Dessissos appear to be residents of the state in which the action was brought, so 28 U.S.C. § 1441(b)(2) does not provide for removal based on diversity of citizenship.

For all of these reasons, the Dessisso's deficient Notice of Removal is denied.

Because the Dessissos are acting *pro se*, in that they are not represented by counsel, the Court must construe their filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citations omitted)). Even under this liberal standard, the Court finds no other avenue for relief. The Dessissos allege that the foreclosure action violated their constitutional rights. This claim is precluded by the *Rooker-Feldman* doctrine. This principle, named after two United States Supreme Court cases, *Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). "[C]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." *Niles v. Wilshire Inv. Group, LLC,* 859 F. Supp. 2d 308, 334 (E.D.N.Y., 2012) (quotation marks omitted) (citing cases). The Dessissos are seeking to overturn an unfavorable state court

decision. The Supreme Court, Queens County, granted J.P. Morgan Chase Bank, N.A.'s motion for summary judgment on June 23, 2015. (ECF Entry # 1, at 6.) *Rooker-Feldman* prevents the Dessissos from relitigating that order in this Court. Accordingly, even if the submission is construed as an independent civil action, it must be dismissed.

## CONCLUSION

For the reasons set forth above, the notice of removal is denied and the action is hereby remanded to the Supreme Court of the State of New York, Queens County. 28 U.S.C. § 1447. The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, Queens County, note service on the docket, and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

/S/ Judge William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
September 28, 2015