FILED Rec'd
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. WM

★ NOV 2 5 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

":Angela Marie-Dessisso:el Bey *in Propria Persona, Sui Juris Authorized Representative ARR UCC 1-207/308, UCC 1-103. Ex Relatione: ANGELA M. DESSISSO*"; and ":Kemel-Dessisso:Bey *in Propria Persona, Sui Juris Authorized Representative ARR UCC 1-207/308, UCC 1-103. Ex Relatione: KEVIN R. DESSISSO*,"

                Plaintiffs,

-against-

JP MORGAN CHASE BANK, N.A.;
JAMES DIMON, CEO, JP Morgan Chase
Bank, N.A.; FEIN, SUCH & CRANE, LLP;
MARK K. BROYLES, Esq.; CRAIG K.
BEIDEMAN, Esq.; DAVID P. CASE, Esq.,
Attorneys for JP Morgan Chase Bank, N.A.,

                Defendants.

------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

15-CV-5152 (WFK)

WILLIAM F. KUNTZ, II, United States District Judge:

On October 28, 2015 and then again on November 5, 2015, "Angela Marie-Dessisso:El Bey In Propria Persona" and "Kemel-Dessisso:Bey In Propria Persona," calling themselves "Claimaints," filed papers in Docket Number 15-CV-5152-WFK-SMG. That docket number was closed by this Court's September 28, 2015 Order remanding the deficient Notice of Removal to state court, as this Court does not have jurisdiction over the foreclosure proceeding that forms the subject of the action. This instant filing is captioned in part as a "Rebuttal" and seeks to "void" and "expunge from the record" the "defective writ and deem it a nullity regarding Civil Case # 1:15-cv-05152-WFK-SMG." (ECF # 7, pp. 2, 3.) It also renews the request to remove

Index # 16631/2011 from state court to federal court. (ECF # 7, p. 2.) An "Exhibit '004'" is captioned as a separate complaint, naming new defendants, including the undersigned, but it is not accompanied by a separate filing fee or a request to proceed *in forma pauperis*. The submission is hereby construed as a motion for reconsideration, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. As "Claimants" have failed to offer any reason to reconsider the Court's September 28, 2015 Order, the motion is hereby denied.

The instant submission offers a line-by-line "rebuttal" to the Court's Order, including complaints about the Order's references to the parties' names and designation as *pro se*. (ECF # 7, pp. 4-5.) It asserts that these references "trafficked two separate and distinct Moorish American nationals . . . from their declared Proper Person at law status, without their knowledge and agreement of this action, into a fictitious entity to assume jurisdiction over and rule on as he wishes." (ECF # 7, p. 13.) On the one hand, the submission asserts that this Court has jurisdiction over the underlying foreclosure action "under diversity of citizenship as Moorish American Nationals domiciled on our ancestral estate North America, and not citizens of the state in which the action is brought." (ECF # 7, p. 7.) In the next paragraph, it asserts that "[t]his court does not have jurisdiction over us, nor does it have subject matter jurisdiction." (*Id.*) The latter claim is repeated in the conclusion of the document: "This District Court does not have personam jurisdiction and neither has subject matter jurisdiction. This case is to be dismissed based on the evidence provided." (ECF # 7, p. 13.)

The latter assertion is correct. Docket No. 15-CV-5212 was dismissed because this Court does not have jurisdiction over this action, either as a removal of the state foreclosure proceeding or as a stand-alone complaint. The original submission sought "removal of this case from the

STATE OF NEW YORK SUPREME COURT." (ECF # 1, p. 3.) (emphasis in submission). The only referenced case was Index No. 16631/2011, a foreclosure action filed in 2011, in which Kevin R. Dessiso and Angela M. Dessisso were said to have appeared. (ECF # 1, p. 6, Order Granting Summary Judgment & Reference in Mortgage Foreclosure signed by the Honorable Darrell L. Gavrin, Justice of the New York Supreme Court, Queens County.) As the Court previously explained, federal court consideration of the foreclosure proceeding is barred by the *Rooker-Feldman* doctrine. *See Niles v. Wilshire Inv. Group, LLC*, 859 F. Supp. 2d 308, 334 (E.D.N.Y. 2012) ("[C]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." (quotation marks omitted)). The recent submission offers no reason for this Court to reconsider its September 28, 2015 Order remanding the action to state court. To the extent that "Claimants" seek relief from the September 28, 2015 Order, the motion is denied.

## CONCLUSION

As the October 28, 2015 and November 5, 2015 submission has not alleged any facts or arguments sufficient to warrant relief from the Court's September 28, 2015 Order, the motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
November 12, 2015

3